UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MUMIN MUHAMMAD, | : | |
| | : | Civil Action No. 15-7502 (SDW) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**WIGENTON**, District Judge:

Presently before the Court is the motion of Mumin Muhammad ("Petitioner") to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255. (ECF Nos. 1, 4). The Government has filed a response to Petitioner's motion (ECF No. 7), to which Petitioner did not file a reply. For the following reasons, this Court will deny Petitioner's motion to vacate his sentence, and will deny Petitioner a certificate of appealability.

**I. BACKGROUND**

On September 3, 2014, Petitioner, Mumin Muhammad, pled guilty to a one count information charging him with knowingly and intentionally distributing and possessing with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841(a) and (b)(1)(B). (Docket No. 14-502 at ECF No. 21). Petitioner appeared before this Court for sentencing on that plea on January 12, 2015. (Docket No. 14-502 at ECF No. 32). At sentencing, Petitioner's attorney acknowledged that Petitioner was subject to the Career Offender Guideline because his current offense was a drug offense and he had at least two prior convictions for heroin distribution offenses but argued for a downward departure from Petitioner's Career Offender sentencing range. (*Id.* at 6-8). Specifically, according to his pre-sentence investigation report, Petitioner's prior criminal

history included a conviction in 2000 for conspiracy to distribute heroin in this Court and a 2009 conviction for distribution of heroin in the Superior Court of New Jersey, Essex County. (PSR at ¶ 30; ECF No. 7 at 2). Because Petitioner possessed these two prior drug convictions, was over 18 years of age, and had just pled guilty to another drug distribution offense, this Court ultimately concluded that Petitioner was subject to career offender status and sentenced him accordingly to 144 months imprisonment and a five year term of supervised release, which included a slight downward departure from the recommended Guidelines range of 188-235 months. (Docket No. 14-502 at ECF No. 32 at 13-22). Petitioner's career offender status was in no way dependent on him having two prior convictions for crimes of violence, and was based entirely on his history of drug trafficking offenses. (*Id.*). Petitioner did not appeal his conviction or sentence.

## II. DISCUSSION

### A. Legal Standard

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*,

599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).

## B. Analysis

### 1. An evidentiary hearing is not required

A district court need not hold an evidentiary hearing on a motion to vacate where "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth,* 432 F.3d 542, 545 (3d Cir. 2005); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015); *see also Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see also United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *Booth*, 432 F.3d at 546. For the reasons set forth below, Petitioner's sole claim is clearly without merit, and no evidentiary hearing is therefore necessary to decide Petitioner's motion.

### 2. Petitioner's *Johnson* Claim

In his current motion to vacate his sentence, Petitioner presents only a single claim: that, because *Jonson v. United States*, --- U.S. ---, 135 S. Ct. 2551, 2563 (2015), invalidated the residual clause of the Armed Career Criminal Act, he no longer has two crimes of violence in his criminal record, and should therefore no longer be subject to career criminal status, and thus is entitled to a

lesser sentence. While *Johnson* did invalidate the residual clause of the Armed Career Criminal Act, which acted as a catch all provision for the statute's definition of a crime of violence, *Johnson* in no way invalidated or altered the operation of the Act or the equivalent Sentencing Guideline as to drug trafficking crimes. *See, e.g., United States v. Parnell*, 652 F. App'x 117, 121-22 (3d Cir. 2016). Thus, where a petitioner received an enhanced career criminal sentence on the basis of his drug trafficking history and crimes, and not based upon any "crime of violence," *Johnson* provides that petitioner no basis for relief. Petitioner's career criminal sentence was based not on any crimes of violence, but instead on Petitioner's history of drug trafficking crimes. (Docket No. 14-502 at ECF No. 32 at 13-22; PSR at ¶ 30). Because *Johnson* in no way altered the operation of the drug trafficking portions of the Armed Career Criminal Act and the equivalent sentencing enhancement under the career criminal guideline, and because Petitioner's sentence enhancement under the career criminal guideline was based solely on his drug trafficking convictions, *Johnson* provides no basis for relief to Petitioner, whose sentence remains entirely proper and constitutional. Petitioner's claim is thus clearly without merit, and his motion to vacate sentence must be denied.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c) the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because the only claim raised in Petitioner's motion to vacate is without merit for the reasons expressed above, jurists of reason would not

disagree with this Court's denial of Petitioner's motion to vacate sentence, and Petitioner's claims are inadequate to deserve encouragement to proceed further. This Court therefore denies Petitioner a certificate of appealability. *Id.*

## V.  CONCLUSION

For the reasons set forth above, Petitioner's motion to vacate his sentence (ECF Nos. 1, 4) is DENIED, and Petitioner is DENIED a certificate of appealability. An appropriate order follows.

Dated: November 7, 2016                                *s/ Susan D. Wigenton*
                                                       Hon. Susan D. Wigenton,
                                                       United States District Judge